UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARACA MEDIA GROUP, INC., <br><br> Plaintiff, <br><br> -against- <br><br> LIEHONG ZHUANG, <br><br><br> Defendant. | CIVIL ACTION NO.: <br><br> **COMPLAINT** |

Plaintiff Saraca Media Group, Inc. ("Plaintiff" or "Saraca"), by and through its undersigned counsel, alleges upon personal knowledge with respect to itself, and upon information and belief as to all other matters, for its complaint against Liehong Zhuang ("Zhuang" or "Defendant"):

**NATURE OF CLAIMS**

1.  This action arises from Defendant's fraud upon Plaintiff, and theft of its assets, currently believed to be in the thousands of dollars.

2.  Plaintiff learned that Defendant, who as Plaintiff's independent broadcast manager, had access to Plaintiff's video equipment and systems, engaged in a scheme to steal Plaintiff's personal property, for Defendant's own personal use, in a scheme that began in June 2019.

3.  Plaintiff has also learned that during the course of the parties' relationship, Defendant carelessly damaged Plaintiff's designer furniture and, in order to avoid responsibility, lied and denied having any knowledge about the damage.

4.  Defendant's unlawful, unprofessional, and unethical conduct has caused and continues to cause extensive damage to Saraca for which Zhuang must be held accountable.

**PARTIES AND JURISDICTION**

5.   Plaintiff is a media company formed under the laws of the State of Delaware and registered to do business in the State of New York, with a principal place of business located at 162 East 64th Street, New York, NY. Plaintiff operates its media company under the name Guo Media ("Guo Media").

6.   Upon information and belief, Defendant is foreign citizen who resides in the County of Queens, City and State of New York.

7.   Defendant owns and operates the Twitter handle: @kiddjoneke.

8.   Defendant owns and operates the YouTube page known as 庄烈宏频道.

9.   Jurisdiction is proper pursuant to, *inter alia*, 28 U.S.C. 1332, as there is complete diversity between the parties and the amount in controversy, exclusive of costs and interest, exceeds $75,000, and Defendant resides in Flushing, New York. Plaintiff's principal place of business is located in the City of New York.

10.  Venue is proper in this Court pursuant to, inter alia, 28 U.S.C. 1391, because a substantial part of the events giving rise to the claims presented herein occurred in New York County.

**FACTS COMMON TO ALL CLAIMS**

11. In June 2019, Saraca hired Zhuang as an independent contractor for Zhuang to provide Saraca with broadcasting support include pre-production, production, and postproduction video assistance. To memorialize these terms, the parties entered into a contract in June 2019 (the "Contract")

12. The Contract was terminated in September 2019.

13. During the course of the Contract, Saraca always paid Defendant in a timely manner consistent with its obligations under the Contract.

14. During the course of the Contract, Saraca learned that multiple items of equipment had gone missing during periods of time when Defendant had sole access to these particular items, which included two Samsung smart television sets, worth approximately $2,000.00 each (the "Missing Items").

15. During the course of the Contract, Saraca also learned that several items of furniture were damaged when Defendant was likely the only person to come into contact with these particular items (the "Damaged Items"). They included:

    a.   One Promemoria customized chair, worth approximately $11,000.00; and

    b.   One private collection branded chair, worth approximately $2,000.00

16. The Damaged Items are not repairable and will now need to be replaced by Saraca.

17. Throughout the course of the Contract, Saraca asked Defendant if he had any knowledge about the Missing Items and Damaged Items.

18. Defendant consistently maintained that he was unaware of both how the Missing Items were lost and how the Damaged Items became so.

**Zhuang's Fraud and Theft Upon Saraca**

19. During the course of Zhuang's Contract, Saraca had property stolen and damaged in excess of $15,000.00.

20. While Zhuang initially denied having any knowledge of either the Missing Items or the Damaged Items, Saraca has now learned that it was, in fact, Zhuang that illegally stole the Missing Items and caused the damage to the Damaged Items.

21. Once Saraca learned of Zhuang's acts, Saraca confronted Zhuang about the Missing Items and Damaged Items. Saraca sent Zhuang a letter, demanding that Zhuang reimburse Saraca for the value of the Missing Property and cost to replace the Damaged Property.

22. Instead of accepting responsibility for his unscrupulous conduct, Zhuang went on a rampage on social media, making threats to prominent users of Guo Media, such as Guo Wengui a/k/a Miles Guo ("Guo").

23. Zhuang posted the following to Twitter



**English Translation**:

**Liar Guo, Guo Wengui is a liar! Guo Wengui, I fuck your mother, fuck your daughter, fuck your ancestors!**

24. Zhuang said the following during a live broadcast on his YouTube channel:



25. During the same live broadcast, Zhuang made even more vehemently incredulous

remarks about Guo:



26. The above is a mere sampling of grossly inappropriate, defamatory and downright horrific statements that Zhuang has made about Guo.

27. Zhuang continues to make horrific and outright false statements about not only Guo, but Saraca, as well, displaying Zhuang's disgruntled attitude towards Saraca given the Contract was terminated and Zhuang has been expsoed for his theft and fraud.

28. Further, Zhuang has now used social media to defame Saraca by stating publicly that he never stole the Missing Items and was not responsible for the Damaged Items and instead, Zhuang has falsely claimed that Saraca is attempting to "bully" him.

29. Upon information and belief, Zhuang is making these and similar statements using the Missing Items he stole from Saraca.

30. To make matters worse, Zhuang is now soliciting donations and contributions using the very equipment he stole from Saraca.

31. Zhuang includes a link to his separate donation page, https://donorbox.org/wkjoe, on his YouTube page.

32. Upon information and belief, Zhuang is accepting contributions from viewers whom he is attracting from making false and represehensible statements about Saraca and its users, while using the Missing Items that Zhuang stole from Saraca.

### FIRST CAUSE OF ACTION

### (Conversion)

33. Plaintiff repeats and restates the allegations contained in the preceding paragraphs as if set forth herein.

34. As explained above, Defendant stole Plaintiff's Missing Items and used these assets to benefit himself and did so without the permission of Plaintiff.

35. The theft and misuse of Plaintiff's assets for individual purposes was unauthorized and clearly not intended to benefit Plaintiff, but, instead, was used for Defendant's personal gain.

36. Upon information and belief, Defendant now uses the Missing Items to put out the videos -- like the ones referenced above -- to make false, outlandish and horrific statements about Saraca and its users, including Guo.

37. Through his access to Plaintiff's equipment as described above, Defendant has exercised dominion and control over personal property belonging to Plaintiff thereby interfering with Plaintiff's right of possession to same.

38. As a direct and proximate result of Defendant's wrongful conversion of Plaintiff's property, Plaintiff has been damaged and continues to be damaged.

## SECOND CAUSE OF ACTION

### (Fraud)

39. Plaintiff repeats and restates the allegations contained in the preceding paragraphs of the Complaint as if set forth at length herein.

40. As evidence by the conduct described above, Defendant has misrepresented and/or made material omissions of fact, known by Defendant to be false at the time made.

41. More specifically, Defendant has misrepresented the nature and/or purpose of the whereabouts of the Missing Items by denying any knowledge, when in reality, the Missing Items were stolen by Defendant for Defendant's own personal use and financial gain at Plaintiff's expense.

42. In an attempt to obfuscate his crime, Defendant fabricated a scheme to miscast Plaintiff as a "bully" and denied any involvement related to the Missing Items and Damaged Items.

43. At the time Defendant made the aforementioned misrepresentations and/or omissions to Plaintiff, Defendant made such statements and/or omissions with the intent of inducing Plaintiff's reliance to avoid responsibility for his malfesance.

44. Plaintiff reasonably relied on Defendant's misrepresentations given their pre-existing relationship and Contract.

45. As a result of the foregoing, Plaintiff has been and will continue to be damaged.

### <u>THIRD CAUSE OF ACTION</u>

#### (Breach of Contract)

46. Plaintiff repeats and restates the allegations contained in the preceding paragraphs of the Complaint as if set forth at length herein.

47. Plaintiff and Defendant entered into the Contract in June 2019.

48. Section 9 of the Contract provided that Defendant would agree not to disclose any Confidential Information, as defined in the Contract.

49. Pursuant to Section 9(a) of the Contract, "Confidential Information" includes, but is not limited to, "information concerning (i) the business, operations or affairs of the Company …; (ii) the … dealings, meetings, relationships, property, preferences, … wealth, earnings, and financial situations of the individuals to whom the Company provides services.

50. Pursuant to Section 9(b) of the Contract, Defendant agreed that "[a]t all times during the Term of this Agreement and at all times thereafter, Contractor will hold in strictest confidence and will not, directly or indirectly, disclose, use, sell, offer to sell, transfer, … or otherwise make available … any Confidential Information."

8

51. Upon information and belief, Defendant Zhuang has and continues to disclose Plaintiff's financial dealings, relationships and details about Plaintiff's business relations on both Defendant's Twitter page and YouTube page.

52. Defendant has at least 26,800 Twitter followers and at least 22,900 YouTube subscribers as of the filing of this Complaint.

53. Defendant breached his obligations under the Contract by disclosing Plaintiff's Confidential Information to Defendant's tens of thousands of followers.

54. As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has been damaged.

## FOURTH CAUSE OF ACTION

### (ATTORNEYS' FEES PURSUANT TO CONTRACT)

55. Plaintiff repeats and restates the allegations contained in the preceding paragraphs of the Complaint as if set forth at length herein.

56. Pursuant to Section 8 of the Contract, Defendant agreed to indemnify Plaintiff against "any and all claims … (*including attorneys' fees*) … arising out of or in connection with any act or omission of [Defendant] … including but not limited to: (i) any violation or breach of any covenant, representation or warranty in this Agreement."

57. As explained above, Defendant breached his covenant under the Contract to maintain Plaintiff's Confidential Information.

58. As such, Plaintiff is entitled to recover its actual attorneys' fees in connection with this action.

**FIFTH CAUSE OF ACTION**

**(Negligence)**

59. Plaintiff repeats and restates the allegations contained in the preceding paragraphs of the Complaint as if set forth at length herein.

60. Between June 2019 and September 2019, Defendant operated, controlled, managed and secured the Damaged Items.

61. Defendant had a duty to maintain the Damaged Items and use them in a manner to prevent the damage that occurred, such as a reasonably prudent person, acting in the same or similar circumstances as Defendant would have done.

62. Defendant failed to maintain the Damaged Items in the manner specified in Paragraph 59.

63. Solely and wholly by reason of Defendant's negligence, Plaintiff's property was damaged.

64. The damage to Plaintiff's property was caused solely and wholly by reason of the negligence and carelessness of Defendant in his operation, control, management and supervision of the Damaged Items without any negligence on the part of the Plaintiff contributing thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that judgment against Defendants be entered as follows:

a. Plaintiff be awarded judgement against Defendant in an amount to be determined at trial, but not less than $500,000.00;

b. That this Court temporarily, preliminarily and permanently enjoin Defendant and anyone acting or purporting to act on his behalf from further disclosing Plaintiff's Confidential Information;

c. That this Court temporarily, preliminarily and permanently enjoin Defendant and anyone acting or purporting to act on his behalf from making any of the false and

defamatory statements set forth herein, or similar false and defamatory statement

involving Plaintiff and or its employees, contractors, agents, and representatives;

d.  That this Court award such other and further relief as seems to be just and proper.

Dated: New York, New York
       April 3, 2020

                                        LAWALL & MITCHELL, LLC

                                        *s/ Aaron A. Mitchell, Esq.*
                                        Aaron A. Mitchell, Esq. (AM0831)
                                        162 East 64th Street
                                        New York, NY 10065
                                        (973) 285-3280
                                        aaron@lmesq.com