UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SARACA MEDIA GROUP, INC.,

                                Plaintiff,

    -against-

LIEHONG ZHUANG.,

                              Defendant.

No. 20 Civ. 2780 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2020

**ORDER GRANTING DEFENDANT'S MOTION TO DIMISS**

McMahon, C.J.:

On April 3, 2020, Plaintiff Saraca Media Group, Inc. ("Plaintiff") commenced this action against Liehong Zhuang ("Defendant") asserting state law claims for breach of contract, conversion, fraud, negligence and recovery of attorney's fees. Defendant has moved to dismiss the complaint, arguing that (1) this Court lacks subject matter jurisdiction because there is no diversity of citizenship as required by 28 U.S.C. § 1332, and (2) Mr. Guo Wengui is an indispensable party whose joinder would destroy diversity.

Because complete diversity is lacking, the motion is granted.

**A. Background**

Plaintiff seeks monetary and injunctive relief based upon state law claims including, *inter alia*, breach of contract, conversion, fraud, and negligent damage of its property. (Compl., Dkt. No. 1.) Plaintiff alleges that the amount in controversy exceeds $75,000. (Compl. ¶ 9, Dkt. No. 1.)

In its complaint, Plaintiff alleges that it is a media company incorporated in Delaware "with a principal place of business located at 162 East 64th Street, New York, NY." (Compl. ¶ 5, Dkt.

No. 1.) Regarding Defendant's citizenship for purposes of jurisdiction, Plaintiff alleges "upon information and belief" that Defendant is a foreign citizen who resides in New York state.

The complaint asserts that the Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because, "Plaintiff's principal place of business is located in the City of New York" and "Defendant resides in Flushing, New York[.]" (Compl. ¶ 9, Dkt. No. 1.)

Defendant brought this motion to dismiss and argues that there is no diversity between the parties given that both Plaintiff and Defendant are domiciled in New York. (Dkt. No. 9.) Defendant asserts that he "obtained lawful U.S. permanent resident status in 2017" and that he is a resident of the state of New York. (Dkt. No. 9.)

### B. Discussion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiff has failed to bear its burden of proving that complete diversity of citizenship exists between the parties. *Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 601 (S.D.N.Y.1986). Pursuant to 28 U.S.C. § 1332(a)(2) this Court does not have jurisdiction over suits "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."

Plaintiff is a Citizen of New York

A corporation is "a citizen of every State and foreign state by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). *See also Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Plaintiff is incorporated in Delaware, but by its

own admission has its principal place of business in New York City. (Compl. ¶ 9, Dkt. No. 1.) Thus, Plaintiff is a citizen of both Delaware and New York.

<u>Defendant is a Foreign Citizen Domiciled in New York</u>

In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Additionally, a district court may consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction. *Id.*

Plaintiff does not directly address Defendant's status as a lawful resident. However, Plaintiff affirmatively alleges that Defendant is a resident of the State of New York. (Compl. ¶ 6, Dkt. No. 1.) In his motion to dismiss, Defendant confirms that he is a New York resident, and avers that he is a foreign citizen who is a lawful permanent resident of the United States. (Dkt. No. 9.)

Typically, "[a] suit between 'citizens of a State and citizens or subjects of a foreign state' lies within federal diversity jurisdiction." *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999) (quoting 28 U.S.C. § 1332(a)(2)). Plaintiff argues that, because it is an American corporation and Defendant is a citizen of a foreign state, diversity exists.

But 28 U.S.C. § 1332(a)(2) goes on to provide an exception to this general rule. There is no diversity jurisdiction for suits "between citizens of a State and citizens or subjects of a foreign state *who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.*" 28 U.S.C. § 1332(a)(2).

Plaintiff argues in its memorandum of law that it can take advantage of alienage jurisdiction because, "to show state citizenship for the purposes of [28 U.S.C. § 1332],

[Defendant] must be a citizen of the United States[.]" (Dkt. No. 10.) But the decision on which Plaintiff relies for this assertion -- *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).- which predates important amendments to the diversity statute. *See generally H.K. Huilin Int'l Trade Co., LTD v. Kevin Multiline Polymer Inc.*, 907 F. Supp. 2d 284 (E.D.N.Y. Oct. 2012) (detailing history of amendments and accompanying case law). In 2011, Congress passed the Clarification Act "to remove [diversity] jurisdiction over suits between 'citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.'" *Id.* at 287 (quoting Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 § 101). Therefore, district courts do not have original jurisdiction in suits where the plaintiff is a U.S. citizen domiciled in the same state as a defendant who is a lawful permanent resident of the United States. *See Takahashi v. Cuyco*, 2016 U.S. Dist. LEXIS 130917, n.5 (E.D.N.Y, Sept. 2016). Put more simply, lawful permanent residents are treated like citizens for purposes of diversity jurisdiction.

According to the complaint, Defendant is a resident of New York. (Compl. ¶ 6, Dkt. No. 1.) In his motion to dismiss, Defendant asserts that he is a lawful U.S. resident. (Dkt. No. 9.) Plaintiff does not address Defendant's assertion in its opposition memorandum; instead it merely restates the residence of each party, which is not in dispute. (Dkt. No. 10.)

"The burden is on the plaintiff to satisfy the Court, as fact finder, of the jurisdictional facts." *Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996) (citations omitted), aff'd, 125 F.3d 844 (2d Cir. 1997). Plaintiff has not satisfactorily rebutted Defendant's assertion that he is a lawful U.S. resident living in New York. There is, therefore, no diversity, and hence no federal jurisdiction over this purely state law claim. us, for purposes of subject matter jurisdiction, Defendant is domiciled in New York. 28 U.S.C. § 1332(a)(2).

## C. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED.

Dated: July 16, 2019
      New York, New York

                                    Chief Judge

BY ECF TO ALL PARTIES